IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN SIEDENTOPF**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22cv885 |
| | ) | **Electronic Filing** |
| **WRIGHT AUTOMOTIVE BUDGET** | ) | |
| **LOT, INC.**, and **DAVE PICCOLO**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 29th day of September, 2023, upon due consideration of plaintiff's motion for a protective order and the parties' submissions in conjunction therewith, IT IS ORDERED that [37] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to bar disclosure of information and/or communications pertaining to 1) plaintiff's sexual predisposition and/or 2) sexual history with individuals other than Dave Piccolo.  It is also granted as to 3) information and/or communications emanating from any intimate, consensual relationship plaintiff had with any non-supervisor co-worker at Wright Automotive or individuals not associated with Wright Automotive - except that plaintiff shall disclose and/or produce information and/or communications within the scope of these limitations (1, 2 & 3) to the extent it/they relate to or reflect on plaintiff's perceptions, reactions and responses to a) the alleged behavior of Dave Piccolo recounted in the Second Amended Complaint; b) Wright Automotive's actions taken pursuant to plaintiff's complaints about Dave Piccolo's behavior; and c) plaintiff's perceptions of

or reactions to her work environment as affected by Piccolo's behavior and Wright Automotive's actions taken in response to plaintiff's complaints.

Defendant Wright Automotive seeks an admission from plaintiff that "during your employment with Wright you sent explicit pictures and text messages to your coworkers at Wright."  It also seeks production of "all documents related to sex, flirting or otherwise socializing with any employee of Defendant, including text messages sent by Plaintiff, recordings or photos."   Plaintiff moves for a protective order "limiting Wright's discovery into [plaintiff's] sexual predisposition and/or sexual history and/or sexual conduct with individuals not named in the Complaint."

Plaintiff's Second Amended Complaint advances a narrow focus of her claims for hostile work environment and "quid pro quo" harassment: plaintiff's immediate supervisor, Dave Piccolo, became flirtatious with plaintiff and made sexual advances toward her on three occasions, all of which were unwelcomed; she rejected him on each occasion; these incidents caused her immediate physical and emotional distress; after the rejections, Piccolo falsely accused plaintiff of submitting manipulated sales information and sought to make plaintiff's work environment more difficult by refusing to work with customers generated by her and her sales team, interrupting their meetings and speaking poorly of them to others; plaintiff subsequently reported Piccolo's harassment to management; thereafter, Piccolo gave a two-week notice of his resignation; management then failed to conduct any meaningful investigation into plaintiff's complaints and instead talked Piccolo into remaining in his position; plaintiff was then forced to endure the harassment or resign; and she chose to resign.  Importantly, plaintiff does not seek relief for any aspect of her work environment other than the conduct by Piccolo and management's responses to her complaints about his sexual advances and subsequent retaliation;

and she does not seek to preclude a "welcomeness" defense as it relates to the entirety of her interactions with Piccolo.

Defendant Wright Automotive attempts to broaden plaintiff's claims into a claim involving pervasive harassment throughout the workplace by "co-workers" and the occurrence of sexual advances by one of the co-workers within that atmosphere of harassment.  From this broadened perspective, it reasons that because plaintiff seeks relief for work environment harassment, it may fully explore whether she "participated in sexual banter" as well as "consensual sexual conduct" with her coworkers.  It thus maintains that is entitled to generate evidence "to dispute that the workplace was hostile, that Plaintiff perceived it to be hostile, that she or her team were forced to work under difficult circumstances at the hands of Plaintiff's alleged harasser, or that she suffered any emotional distress or humiliation."  To further this objective it seeks "documents related to Plaintiff's banter with co-workers, including male colleagues with whom she may have flirted as well as individuals on her team that may shed light on whether the work environment was made more difficult by Mr. Piccolo's alleged retaliatory conduct."

Defendant seeks to expand the scope of relevance beyond the claims plaintiff has chosen to advance.  In its efforts to do so, it attempts to transgress the limitations embodied in Federal Rule of Evidence 412.  Because plaintiff's claims do not seek to place at issue or seek redress for the general work environment she experienced in interacting with her actual "co-workers" and Rule 412 otherwise prohibits or severely limits defendant's far-reaching inquiry into the areas concerning plaintiff's sexual preferences and sexual history with others outside the supervisory and management relationships that plaintiff has placed at issue, plaintiff is entitled to a protective order.

Federal Rule of Evidence 412 forbids the admission of the alleged victim's "sexual behavior" or "sexual predisposition" in all proceedings involving alleged sexual misconduct except in very limited circumstances.  B.K.B v. Maui Police Department, 276 F.3d 1091, 1104 (9th Cir. 2002).  "The purpose of the amended rule is 'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'"  Id. (quoting Advisory Committee Notes).

The Rule extends to sexual harassment lawsuits such as the instant action.  See id. ("Rule 412's coverage extends over sexual harassment lawsuits.") (citing Advisory Committee Notes to 1994 Amendments and collecting cases in support).  It draws within its ambit all forms of sexual behavior, including activities of the mind such as fantasies and statements involving sexual behavior or desires.  Id.  (citing Committee Note and Sheffield v. Hilltop Sand & Gravel Co., 895 F. Supp. 105, 108 (E.D. Va.1995) (ruling that "[e]vidence relating to the plaintiff's [allegedly vulgar] speech is certainly evidence offered to prove an alleged victim's 'sexual predisposition'" and is therefore covered by Rule 412)); see also Socks-Brunot v. Hirschvogel, Inc., 184 F.R.D. 113, 118 (S.D. Ohio 1999) (Rule 412 applicable to a Title VII plaintiff's statements to co-workers about a sexual relationship with former supervisor at prior place of employment); Macklin v. Mendenhall, 257 F.R.D. 596, (E.D. Cal. 2009) (the restrictions reflected in Rule 412 extend to discovery seeking to elicit information from a plaintiff about sexual conduct, history, intentions and/or desires outside the workplace in question).

"In a sexual harassment case, evidence offered to prove the plaintiff's sexual predisposition or sexual behavior generally is inadmissible unless its probative value substantially outweighs the danger of harm to the victim and of unfair prejudice to any party."

Fitzpatrick v. QVC, Inc., 1999 WL 1215577 (E.D. Pa. Dec. 7, 1999) (citing Fed. R. Evid. 412(a)(2), (b)(2)).  Three factors make this balancing test "more stringent" than that required under Rule 403: the burden of persuasion is reversed and placed on the proponent of the evidence to show its admissibility; the evidence's probative value must "substantially outweigh" its prejudicial effect(s); and any harm to the victim is placed on the scale in addition to any prejudice to the parties.  B.K.B., 276 F.3d at 1104.

Rule 412's limitations extend to various forms of discovery seeking to elicit information falling within its prohibitions.  Macklin, 257 F.R.D. at 604.  The pertinent section of the Committee Notes provides:

> In order not to undermine the rationale of Rule 412, ... courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.  Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.  In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant.

Notes of Advisory Committee on proposed 1994 amendment, Fed. R. Evid. 412; Macklin, 257 F.R.D. 604.  And a number of courts have issued protective orders where a defendant seeks roving discovery in such areas.  See Macklin, 257 F.R.D. at 601-03 (collecting and analyzing cases issuing protective orders under Rule 26(c) where the information sought fell within the ambit of Rule 412 and/or its underlying policy considerations); Priest v. Rotary, 98 F.R.D. 755 (N.D. Cal. 1983) (Rule 26(c) protective order issued in pre-1994 case to preclude discovery of detailed information about the plaintiff's sexual history for a period of time well beyond that involved in her employment and reasoning that "[w]ithout such protection from the courts,

5

employees whose intimate lives are unjustifiably and offensively intruded upon in the workplace might face the 'Catch-22' of invoking their statutory remedy only at the risk of enduring further intrusions into irrelevant details of their personal lives in discovery, and, presumably, in open court...."); Mitchell v. Hutchings, 116 F.R.D. 481, 484 (D. Utah 1987) (discovery in pre-1994 case seeking depositions of individuals privy to information about the plaintiffs' sex lives, including three individuals who had sexual relations with the plaintiffs and one who had taken sexually suggestive photographs of a plaintiff that had been displayed in the workplace, for the purpose of aiding in the defenses of damages for emotional distress and "welcomeness" barred under Rule 26(c), with the court reasoning that "evidence relating to the work environment where the alleged sexual harassment took place is obviously relevant, if such conduct was known to [the] defendant [because it] can establish the context of the relationship between plaintiffs and [the defendant] and may have a bearing on what conduct [he] thought was welcome. At the same time, evidence of sexual conduct which is remote in time or place to plaintiffs' working environment is irrelevant. [The defendant] cannot possibly use evidence of sexual activity of which he was unaware or which is unrelated to the alleged incidents of sexual harassment as evidence to support his defense. Such evidence is also unlikely to lead to the discovery of admissible evidence."); Barta v. City and County of Honolulu, 169 F.R.D. 132, 135 (D. Haw. 1996) (inquiry into the plaintiff's off-duty and outside the workplace sexual activity, which did not involve conduct with any of the named defendants, barred under Rule 26(c) because such conduct had no relevance to the sexual harassment claims or applicable defenses, which included "welcomeness" or consent to the behavior as well as issues of causation and damages).

    Here, defendant's contention that it is entitled to generate information about plaintiff's personal, intimate relationship with a co-worker and/or any sexual banter or flirtatious exchange

she may have had with her co-workers in order to probe the veracity of plaintiff's claims that she was repulsed by Piccolo's advances is insidious. Defendant points to three basic reasons why such information is discoverable: 1) it is probative of whether plaintiff actually perceived the actions of Piccolo within the workplace as being hostile; 2) it is probative of her assertion that she suffered emotional distress from his actions; and 3) the information will shed light on plaintiff's "truthfulness." But in advancing the rationales of probing subjective perception of Piccolo's conduct, the work environment resulting therefrom and plaintiff's emotional reaction to these events, defendant engages in the very conduct generally placed off limits by Rule 412. And it grossly distorts the concept of relevancy in an effort to gain what is otherwise beyond the scope of proportional discovery.

What is relevant is plaintiff's interactions with Piccolo, her reactions to his advances, how she perceived the work environment in relation to Piccolo's conduct after she rejected his advances and how she perceived the work environment after defendant "investigated" her complaints about Piccolo's conduct. Defendant Piccolo's perception of his interactions with plaintiff and her responses to the same also is relevant.

Against this backdrop, seeking to generate evidence about plaintiff's proclivity to engage in sexual behavior with an intimate, consensual partner or her reaction to general sexual banter, innuendo or desires in settings outside the workplace relationship with her supervisor is not probative to these issues and amounts to little more than a thinly veiled attempt to generate evidence of propensity or character trait that would be prohibited by Federal Rule of Evidence 404(a). It likewise ignores the relevant and expansive body of case law under Federal Rule of Evidence 412 and Federal Rule of Civil Procedure 26(c) that meaningfully limits both discovery and use of the evidence defendant characterizes as workplace banter and flirtation with co-

workers.  See e.g. Macklin, 257 F.R.D. at 605 (Rule 412 and its underlying policies bar discovery seeking to elicit information bearing on the plaintiff's sexual conduct, history, intentions, and/or desires occurring outside the workplace and not involving the named defendants).

      Moreover, such discovery lacks logical relevance.  Plaintiff's rights under Title VII or her ability to seek and recover compensatory damages for the claimed hostile environment cannot be diminished by her tolerance for or reaction to other incidents of behavior in the workplace that were distinct from the supervisor-subordinate relationship, regardless of whether those incidents were invited or not.   As the court observed in Mitchell:

> Past sexual conduct does not, as defendants would argue, create emotional calluses that lessen the impact of unwelcomed sexual harassment.  The fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome.  Past sexual conduct does not callous one to subsequent, unwelcomed sexual advancements.

Mitchell, 116 F.RD. at 485.  Such reasoning equally is applicable to consensual sexual conduct and banter with a co-worker outside the management hierarchy at issue.  That plaintiff may have welcomed or tolerated such behavior on occasion from one or more other individuals who were part of the same workplace in question does not have a tendency to prove she was receptive or callous to other, unrelated behavior by her supervisor.  Nor does it have a tendency to prove that her reaction to it somehow had less emotional impact on her.  Such reasoning amounts to stereotypical assumptions that lack empirical foundation.

      Similarly, the notion that plaintiff's initiation or reaction to such conduct with one or more co-workers with whom she had an intimate, consensual relationship is relevant to the issue of emotional damages because sexually promiscuous people are less likely to be offended by

such conduct lacks logical appeal. As the United States Court of Appeals for the Second Circuit has opined:

> Whether a sexual advance was welcome, or whether an alleged victim in fact perceived an environment to be sexually offensive, does not turn on the private sexual behavior of the alleged victim, because a woman's expectations about her work environment cannot be said to change depending upon her sexual sophistication.

Wolak v. Spucci, 217 F.3d 157, 160 (2d Cir. 2000). The same is true for different relationships with the workplace. A woman's perception of comments or "banter" on any particular occasion in the workplace does not change based on her perception of some other sexually charged comments or banter made by other individuals in a separate or distinct workplace setting. And this principle is only more forceful where one involves the hierarchical relationship of workplace supervision and the other does not. Cf. Socks-Brunot, 184 F.R.D. at 117 ("Employees are free to engage or not engage in amorous conduct with co-workers. The fact that an employee entered into a consensual relationship with one co-worker or supervisor does not mean that he or she has invited quid pro quo demands from a supervisor. That Federal Rule of Evidence 412 prohibits such testimony is beyond debate."). To so reason is to engage in the fallacy of drawing generalized assumptions based on unproven character traits or reputation. And such reasoning is not sanctioned by the principles embodied in the Federal Rules of Evidence.

Defendant Wright Automotive has have failed to come forward with a sufficient basis to conclude that the discovery sought as to whether plaintiff "participated in sexual banter" as well as her "consensual sexual conduct" with one or more of her coworkers has logical relevance or otherwise will lead to relevant evidence having probative value that substantially outweighs the potentially prejudicial and chilling effect that would occur by permitting such discovery.

Consequently, plaintiff's motion for a protective order has been granted to the extent defendant's discovery requests can be construed as seeking the production of such information.

In contrast, defendant also seeks communications plaintiff did have with co-workers regarding Piccolo's sexual advances, her reactions to them as well as her reactions to Wright Automotive's "investigation" into her complaints. These communications do have sufficient probative value to permit discovery and defendant is entitled to pursue them, even if they occurred in a context that would otherwise be beyond inquiry by operation of Rule 412. The protective order governing confidential matters that has already been entered and the ability to move for additional relief supply a sufficient level of protection to warrant moving forward in this area. Consequently, this protective order has been crafted to permit this limited intrusion into such sensitive matters.

<u>s/David Stewart Cercone</u>  
David Stewart Cercone  
Senior United States District Judge

cc:   Rachel L. McElroy, Esquire  
      Katelyn M. O'Connor, Esquire  
      Paul S. Mazeski, Esquire

      (Via: CM/ECF Electronic Filing)